IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                              No. CR 10-0729 JB

OSCAR MARIO PEREZ-GARCIA,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed October 27, 2010 (Doc. 21). The Court held a sentencing hearing on November 4, 2010. The primary issues are: (I) whether the Court should count the recent additional criminal history point ("recency point") assessed pursuant to U.S.S.G. § 4A1.1(e) in Defendant Oscar Mario Perez-Garcia's Presentence Investigation Report ("PSR"); and (ii) whether the Court should sentence Perez-Garcia to time served. Because the United States Probation Office ("USPO") filed an addendum to the PSR eliminating the recency point, and for the reasons stated on the record, the Court grants Perez-Garcia's request to disregard the recency point in calculating Perez-Garcia's sentence. And because a time-served sentence falls within the Sentencing Guidelines requirements, the Court sentences Perez-Garcia to a term of 279 days, or time served.

The USPO disclosed a PSR for Perez-Garcia on April 9, 2010. In the PSR, the USPO calculated Perez-Garcia's offense level to be 10 and his criminal history category to be IV, establishing a guideline imprisonment range of 15 to 21 months. Perez-Garcia asks the Court to disregard the recency point assessed in the PSR pursuant to U.S.S.G. § 4A1.1(e). On April 13, 2010,

the United States Sentencing Commission voted to amend the United States Sentencing Guidelines by eliminating section 4A1.1(e), which added one or two criminal history points "if the defendant committed the instant offense less than two years after release from imprisonment . . . or while in imprisonment or escape status." U.S.S.G. § 4A1.1(e).  The Sentencing Commission deleted this section because the "consideration of recency only minimally improves the predictive ability" for the Sentencing Guidelines.  U.S.S.G. § 4A1.1 historical notes 2010 Amendments.  The amendment took effect on November 1, 2010.  On October 27, 2010, in light of the changes to the Sentencing Guidelines, the USPO filed an addendum to the PSR, changing Perez-Garcia's criminal history score from 7 to 6 and his criminal history category from IV to III.  This change established a guideline imprisonment range of 10 to 16 months.  The United States agrees with the USPO's change.  At the November 4, 2010 hearing, Perez-Garcia represented that he is satisfied with the addendum to the PSR.

There being no other objections to the PSR, the Court adopts the USPO's guideline calculations in the addendum to the PSR as its own.  Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 2-level downward departure, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the plea agreement is pursuant to the United States Attorney for the District of New Mexico's fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs.  See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1.  An offense level of 8 and a criminal history category of III establishes a guideline imprisonment range of 6 to 12 months.  Perez-Garcia requests a sentence of time served.  The United States recommends a sentence of 6 months, which at this point is time served.

The Court notes that Perez-Garcia illegally reentered the United States after a felony conviction for possession of a controlled substance. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that, with the downward departure it has granted, the punishment that is set forth in the guidelines is appropriate for this sort of offense. The Court finds that a sentence of 279 days, or time served, adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Perez-Garcia's criminal history is adequately reflected in the applicable guideline range. The Court believes a sentence of 279 days, or time served, is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

The Court will exercise its discretion not to impose a term of supervised release. The Court recommends that the Immigration and Customs Enforcement begin immediate removal proceedings. Based on the Perez-Garcia's minimal financial resources and the United States' expression of not being interested in pursuing a fine, the Court will not impose a fine. Based upon the United States' willingness to waive the special assessment, the Court will not require the defendant to pay a special

assessment of $100.00, which is normally due immediately.

**IT IS ORDERED** that Defendant Oscar Mario Perez-Garcia's request that the Court not assess his recency point is granted. The Court sentences Defendant Oscar Mario Perez-Garcia to a term of 279 days, or time served.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Paige Messec
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Erlinda O Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    *Attorneys for the Defendant*